UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ESTATE OF VICTORIA BARNTHOUSE
607 North Lavinia Street
Ludington, Michigan, 49431

   Plaintiff,            Case No.: 19-cv-1612

  v.                 **JURY TRIAL DEMANDED**

THEDACARE, INC.
122 East College Avenue
Appleton, Wisconsin 54912

   Defendant

---

## **COMPLAINT**

---

COMES NOW Plaintiff, Estate of Victoria Barnthouse, by its counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### **INTRODUCTION**

1. This action arises out of Ms. Victoria Barnthouse's employment with Defendant and Defendant's breach of its "Separation Agreement and Release" entered into with Ms. Barnthouse in February 2019 in connection with the end of Ms. Barnthouse's employment with Defendant.

2. The "Separation Agreement and Release" was entered into between Defendant and Ms. Barnthouse in February 2019 under, pursuant to, and/or in accordance with Defendant's "Severance Pay Plan for Executives."

3. In accordance with the "Separation Agreement and Release," Defendant agreed, among other things, to compensate Ms. Barnthouse with twelve (12) months of severance payments in bi-weekly amounts of $12,153.62, for a total monetary amount of $315,994.12.

4. Between approximately March 1, 2019 and July 6, 2019, Defendant paid Ms. Barnthouse approximately $194,708.39 in compensation in accordance with the terms and conditions of the "Separation Agreement and Release."

5. On July 7, 2019, Ms. Barnthouse died and, upon Ms. Barnthouse's death, Defendant immediately ceased paying the compensation due and owing to Ms. Barnthouse in accordance with the "Separation Agreement and Release," in breach of the terms and conditions of the "Separation Agreement and Release."

6. In accordance with the terms and conditions of the "Separation Agreement and Release," Defendant owes the Estate of Victoria Barnthouse approximately $121,285.73 in unpaid compensation.

7. This action is brought on behalf of Plaintiff by Amy Johnson, Ms. Barnthouse's daughter. Ms. Johnson is the personal and/or appointed representative of the Estate of Victoria Barnthouse and is the beneficiary of Ms. Barnthouse's benefits under, pursuant to, and/or in accordance with Defendant's "Severance Pay Plan for Executives." On behalf of Plaintiff, Ms. Johnson is also the beneficiary or recipient of the compensation due and owing to Ms. Barnthouse in accordance with the "Separation Agreement and Release."

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Employee Retirement Income Security Program, as amended, 29 U.S.C § 1001, *et. seq.* ("ERISA").

9. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this matter exceeds $75,000.00 and is between citizens of different States.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is incorporated and operates from its principal place of business in the Eastern District of Wisconsin.

**PARTIES AND COVERAGE**

11. Plaintiff, the Estate of Victoria Barnthouse, is represented by Amy Johnson, the Estate's personal and/or appointed representative and beneficiary. The Estate of Victoria Barnthouse was opened via probate in the State of Michigan, where Ms. Barnthouse's last known address was 607 North Lavinia Street, Ludington, Michigan 49431.

12. Ms. Johnson is currently a resident of the State of Ohio, residing at 3300 Shawhan Road, Morrow, Ohio 45152.

13. Defendant, ThedaCare, Inc., was, at all material times herein, a commercial entity incorporated in the State of Wisconsin with a principal address of 122 East College Avenue, Appleton, Wisconsin 54912.

14. Defendant is a health care provider.

15. Defendant was an "employer" as that term is defined under ERISA.

16. During the relevant time periods as stated herein, Ms. Barnthouse was "employed" by and/or an "employee" of Defendant, as these terms are defined under ERISA.

17. During the relevant time periods as stated herein, Defendant established and maintained a "Severance Pay Plan for Executives" for the purpose of providing severance benefits to participants or their beneficiaries.

18. During the relevant time periods as stated herein, Ms. Barnthouse was a "participant," as that terms is used in 29 U.S.C. § 1002(7), under or in accordance with Defendant's "Severance Pay Plan for Executives."

19. During the relevant time periods as stated herein, Ms. Johnson was a "beneficiary," as that terms is used in 29 U.S.C. § 1002(8), of Ms. Barnthouse's severance benefits under or in accordance with Defendant's "Severance Pay Plan for Executives."

## GENERAL ALLEGATIONS

20. Between approximately August 2017 and October 2017, Defendant hired Ms. Barnthouse into the position of Chief Nursing Executive.

21. During Ms. Barnthouse's employment with Defendant, Defendant established and maintained a "Severance Pay Plan for Executives."

22. During (and after) Ms. Barnthouse's employment with Defendant, Ms. Barnthouse was a participant and/or participated in Defendant's "Severance Pay Plan for Executives."

23. During Ms. Barnthouse's employment with Defendant, Defendant's "Severance Pay Plan for Executives" was applicable to Ms. Barnthouse's employment with Defendant.

24. During Ms. Barnthouse's employment with Defendant, the purpose of Defendant's "Severance Pay Plan for Executives" was to provide severance benefits and/or compensation to employees (including Ms. Barnthouse) and their beneficiaries (including Ms. Johnson) after the end of said employees' employment with Defendant.

25. During (and after) Ms. Barnthouse's employment with Defendant, Ms. Johnson was a beneficiary to Ms. Barnthouse's severance benefits and/or compensation under or in accordance with Defendant's "Severance Pay Plan for Executives."

26. In approximately February 2019, Defendant and Ms. Barnthouse entered into and executed a written "Separation Agreement and Release."

27. The "Separation Agreement and Release" that Defendant and Ms. Barnthouse entered into and executed in approximately February 2019 was, at least in part, pursuant to Defendant's "Severance Pay Plan for Executives."

28. Effective March 1, 2019, Ms. Barnthouse's employment with Defendant ended.

29. In accordance with the "Separation Agreement and Release" and among other things, Defendant agreed to compensate Ms. Barnthouse with twelve (12) months of severance payments in bi-weekly amounts of $12,153.62, for a total monetary amount of $315,994.12.

30. Between approximately March 1, 2019 and July 6, 2019, Defendant paid Ms. Barnthouse approximately $194,708.39 in compensation in accordance with the terms and conditions of the "Separation Agreement and Release."

31. On July 7, 2019, Ms. Barnthouse died.

32. Upon Ms. Barnthouse's death on July 7, 2019, Defendant immediately ceased paying the compensation due and owing to Ms. Barnthouse in accordance with the "Separation Agreement and Release."

33. In accordance with the terms and conditions of the "Separation Agreement and Release," Defendant owes the Estate of Victoria Barnthouse approximately $121,285.73 in unpaid compensation.

34. The Estate of Victoria Barnthouse has exhausted all administrative remedies and conditions precedent prior to bringing this action.

## FIRST CAUSE OF ACTION – ERISA VIOLATIONS

35. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

36. Defendant's "Severance Pay Plan for Executives" was an employee welfare benefit plan governed by ERISA, 29 U.S.C. § 1002(1).

37. ERISA authorizes the bringing of civil actions in federal court by participants or their beneficiaries to recover benefits due to participants under the terms of an employee welfare benefit plan, to enforce rights under the terms of the employee welfare benefit plan, or to clarify rights to future benefits under the terms of the employee welfare benefit plan, in accordance with 29 U.S.C. § 1132(a).

38. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under ERISA, 29 U.S.C. § 1002(5).

39. During the relevant time periods as stated herein, Ms. Barnthouse was "employed" by and/or an "employee" of Defendant, as these terms are defined under ERISA.

40. During the relevant time periods as stated herein, Defendant established and maintained a "Severance Pay Plan for Executives" for the purpose of providing severance benefits to participants or their beneficiaries.

41. During the relevant time periods as stated herein, Ms. Barnthouse was a "participant," as that terms is used in 29 U.S.C. § 1002(7), under or in accordance with Defendant's "Severance Pay Plan for Executives."

42. During the relevant time periods as stated herein, Ms. Johnson was a "beneficiary," as that terms is used in 29 U.S.C. § 1002(8), of Ms. Barnthouse's severance benefits under or in accordance with Defendant's "Severance Pay Plan for Executives."

43. Defendant owes Plaintiff monetary benefits under or in accordance with Defendant's "Severance Pay Plan for Executives."

44. As a direct and proximate result of Defendant's ERISA violations and failure to compensate Plaintiff with the monetary benefits under or in accordance with Defendant's "Severance Pay Plan for Executives," Plaintiff has suffered monetary loss and/or damages of approximately $121,285.73.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

45. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

46. Defendant agreed to compensate Plaintiff with twelve (12) months of severance payments in accordance with the terms and conditions of the "Separation Agreement and Release" entered into and executed by and between Plaintiff and Defendant in February 2019.

47. Defendant failed to compensate Plaintiff with twelve (12) months of severance payments in accordance with the terms and conditions of the "Separation Agreement and Release" entered into and executed by and between Plaintiff and Defendant in February 2019.

48. As a result of Defendant's failure to compensate Plaintiff with twelve (12) months of severance payments in accordance with the terms and conditions of the "Separation Agreement and Release" entered into and executed by and between Plaintiff and Defendant in February 2019, Plaintiff has suffered monetary loss and/or damages of approximately $121,285.73.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Enter judgment against Defendant in an amount Plaintiff may be found to be entitled, or $121,285.73, in addition to exemplary damages, penalties, interest, and costs as permitted by ERISA;

2. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid compensation to Plaintiff in a monetary amount of approximately $121,285.73;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 4th day of November, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Scott S. Luzi*** _____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com